United States District Court
Southern District of Texas
**ENTERED**
July 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEMELEE LIWANAG JIAO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1510 |
| | § | |
| WARDEN TONYA HAWKINS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a federal inmate incarcerated at the FPC Bryan,[1] filed a habeas petition under section 2241 challenging the execution and/or calculation of her sentence. She contends that the Bureau of Prisons ("BOP") incorrectly calculated her sentence and duration of confinement in that it failed to credit towards her sentence 493 days of pretrial detention from April 21, 2017, to September 4, 2018.

Respondent filed a motion for summary judgment on procedural and substantive grounds (Docket Entry No. 13), arguing that petitioner failed to exhaust BOP administrative remedies and that, regardless, she has no right to the pretrial credit. In response, petitioner filed a letter, stating that she should be given the 493-day credit because she was on pretrial release during the time the pretrial credit accrued, which negated her need to exhaust administrative remedies through the BOP. (Docket Entry No. 14.)

---

[1] Section 2241 provides that the proper respondent to a habeas petition is the person who has custody over the petitioner. *See Padilla v. Rumsfeld*, 542 U.S. 426, 434 (2004). As Tonya Hawkins is the Warden of FPC Bryan, she has been substituted as the respondent in this action.

Having considered the petition, the motion for summary judgment, the letter, the record, the exhibits, and the applicable law, the Court **GRANTS** the motion for summary judgment and **ORDERS** this case **DISMISSED WITHOUT PREJUDICE**, as follows.

## I. ANALYSIS

A. <u>Exhaustion</u>

As correctly argued by respondent, a federal prisoner seeking relief under 28 U.S.C. § 2241 must first exhaust her administrative remedies through the BOP before judicial review is available. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The BOP administrative remedy procedures, set forth in Title 28 C.F.R. §§ 542.10-542.19 (2019), provide formal review of complaints related to any aspect of an inmate's federal confinement.

Respondent presents probative summary judgment evidence of the procedures and processes involved in the pursuit and exhaustion of prisoner BOP administrative remedies. (Docket Entry No. 13, Exhibit D, ¶¶ 4–5.) Respondent further presents probative summary judgment evidence that petitioner did not exhaust these administrative remedies regarding her claim for pretrial sentencing credit. *Id.*, ¶ 6. Petitioner presents no probative summary judgment evidence establishing her exhaustion of administrative remedies, or any legal or factual support for her assertion that she did not need to exhaust administrative remedies. (Docket Entry No. 14.) To the contrary, petitioner was required to exhaust her claim, and respondent is entitled to summary judgment dismissal of the unexhausted claim.

B.    <u>Pretrial Sentencing Credit</u>

To the extent petitioner requests a pretrial sentencing credit in absence of exhaustion (Docket Entry No. 14), the Court declines her request. Exhaustion notwithstanding, petitioner has no substantive right to a pretrial sentencing credit in her case. The 493 days made the basis of her claim were days she was on pretrial release, and she was not in BOP detention for purposes of accruing pretrial credit. *See United States v. Jiao*, C.A. No. 3:17-cr-00228-K-1 (N.D. Tex.). Her claim for pretrial sentencing credit is foreclosed by Supreme Court and Fifth Circuit Court of Appeals precedent holding that a defendant's pretrial release does not constitute official detention for purposes of sentencing credit. *See Reno v. Koray*, 515 U.S. 50, 56–59 (1995); *United States v. Cleto*, 956 F.2d 83, 84–85 (5th Cir. 1992). Thus, the BOP did not improperly calculated petitioner's sentence or the duration of her confinement, and respondent is entitled to summary judgment dismissal of the claim.

## II. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 13) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on    JUL 2 7 2022   .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE